IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER, INC.; PFIZER IRELAND PHARMACEUTICALS; WARNER-LAMBERT CO.; WARNER-LAMBERT LLC; WARNER-LAMBERT EXPORT, LTD., | : : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 03-209 JJF |
| RANBAXY LABORATORIES, LTD.; RANBAXY PHARMACEUTICALS, INC., | : : : |
| Defendants. | : |

Rudolf E. Hutz, Esquire, Jeffrey B. Bove, Esquire, Collins J. Seitz, Jr., Esquire and Mary W. Bourke, Esquire of CONNOLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware
Attorneys for Plaintiffs.

Steven J. Balick, Esquire and John G. Day, Esquire of ASHBY & GEDDES, Wilmington, Delaware.
Of Counsel: Darrell L. Olson, Esquire, John P. Giezentanner, Esquire, Douglas G. Meuhlhauser, Esquire, William R. Zimmerman, Esquire, Payson LeMeilleur, Esquire, Sheila N. Swaroop, Esquire, Darryl H. Steensma, Esquire and Walter S. Wu, Esquire of KNOBBE, MARTENS, OLSON & BEAR, LLP, Irvine, California.
Attorneys for Defendants.

**MEMORANDUM OPINION**

September 20, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is the Motion To Preclude Pfizer From Offering Deposition Testimony Of Ranbaxy's Experts, Drs. Clive and Scallen, In Pfizer's Case-In-Chief (D.I. 263) filed by Defendants Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc. (collectively, "Ranbaxy"). The Court granted the Motion at trial (Tr. Vol. 4 at 1018-1019), and this Memorandum Opinion discusses the Court's reasoning for the decision.

## BACKGROUND

Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc. (collectively, "Ranbaxy") filed an Abbreviated New Drug Application ("ANDA") seeking approval to market a generic version of Pfizer's Lipitor® product. In this lawsuit, Plaintiffs Pfizer, Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Co., Warner-Lambert LLC, Warner-Lambert Export, Ltd. (collectively, "Pfizer") allege that Ranbaxy's ANDA 76-477 product infringes certain claims of U.S. Patent No. 4,681,893 ("the '893 patent") and U.S. Patent No. 5,273,995 ("the '995 patent") pursuant to 35 U.S.C. § 271(e)(2).

Ranbaxy filed a motion in limine to exclude Pfizer from raising the doctrine of equivalents at trial (D.I. 229). In its Answer Brief (D.I. 240), Pfizer stated that it will rely on the testimony of Ranbaxy's experts, Dr. Clive and Dr. Scallen, to

establish equivalence. On November 15, the Court entered a Memorandum Order (D.I. 250) denying Ranbaxy's motion.

On November 16, 2003, Pfizer notified Ranbaxy that Pfizer intended to supplement its witness list to include Drs. Clive and Scallen. Pfizer also indicated that Pfizer intended to supplement its deposition designations by adding testimony from Drs. Clive and Scallen for use in Pfizer's case-in-chief.

## PARTIES' CONTENTIONS

By its Motion, Ranbaxy contends that Pfizer failed to timely designate Drs. Clive and Scallen as witnesses and designate their deposition testimony for use at trial. In response, Pfizer contends that expert witnesses are authorized to speak on behalf of the party retaining them, pursuant to Federal Rule of Evidence 801(d)(2)(C).

## DISCUSSION

Federal Rule of Evidence 801(d)(2)(C) creates a hearsay exception for statements by a person who has been authorized by a party to "make a statement concerning the subject." Fed. R. Evid. 801(d)(2)(C). Courts apply agency law to determine whether the declarant was authorized to make the statement at issue. See, e.g., Kirk v. Raymark Industries, Inc., 61 F.3d 147, 163-64 (3d Cir. 1995)(citing Restatement (Second) of Agency). With regard to the status of experts hired by a party, the Third Circuit has held that an expert witness cannot be viewed as a

2

party's agent, because he or she is supposed to testify impartially in the sphere of his or her expertise. Kirk, 61 F.3d at 163-64; see also Condus v. Howard Sav. Bank, 986 F. Supp. (D.N.J. 1997).

Pfizer contends that the circumstances in Kirk are distinguishable from the circumstances here, because in Kirk, the movant was trying to use expert testimony from a prior trial. In this case, Dr. Clive and Dr. Scallen were deposed in connection with this litigation, and thus, Pfizer contends that they are properly considered agents of Ranbaxy for purposes of the application of Rule 801(d)(2). In support of its position, Pfizer also directs the Court to the Fifth Circuit's decision in Collins v. Wayne Corp., 621 F.2d 777, 780-82 (5th Cir. 1980). In Collins, the Fifth Circuit concluded that an expert employed by a bus manufacturer to investigate an accident was the manufacturer's agent.

Inquiries relating to a declarant's authority for purposes of applying Rule 801(d) are treated as preliminary questions to be resolved by the Court. Advisory Committee Note to 1997 amendments, 171 F.R.D. 708, 717 (1997). See also Fed. R. Evid. 104(a); Weinstein, Federal Evidence § 801.32[2], at 801-69 (2d ed. 1997). The party seeking admission of evidence under Rule 801(d) bears the burden of establishing its applicability. Pursuant to Rule 801(d)(2), the "contents of the statement shall

3

be considered but are not alone sufficient to establish the declarant's authority under subdivision (C)." Fed. R. Evid. 801(d)(2).

Based on these standards, the Court concludes that Pfizer has not satisfied its burden of demonstrating independent proof of the existence of Dr. Clive's and Dr. Scallen's authority to speak for Ranbaxy. Weinstein at § 801-69. In addition, the Court does not read Kirk to be limited to circumstances involving the prior trial testimony of a witness. The Third Circuit's premise in Kirk that expert witnesses cannot be viewed as a party's agent, because the experts are supposed to testify impartially within the ambit of their expertise applies equally here. Accordingly, the Court concludes that Drs. Clive and Scallen are not agents of Ranbaxy, and thus, the hearsay exception in Rule 801(d)(2)(C) is not applicable to the deposition testimony of Ranbaxy's expert witnesses.

## CONCLUSION

For the reasons discussed, the Court has granted Ranbaxy's Motion To Preclude Pfizer From Offering Deposition Testimony Of Ranbaxy's Experts, Drs. Clive and Scallen, In Pfizer's Case-In-Chief (D.I. 263). Because the Court's ruling was made on the record during trial (Tr. Vol. 4 at 1018-1019), the Court will not enter a separate Order in connection with this Memorandum Opinion.

4